## Thomas J. Long v. Margaretta L. Rogers and John R. Long.

*Statutory foreclosure—Injunction restraining same.*

Where the equities between the parties rest entirely upon the decision of questions of fact, which the circuit judge possesses superior advantages for determining, and he has made his finding thereon in the decree, which after a careful examination of the record we fully approve, the decree will be affirmed.

Appeal from Kent. (Montgomery, J.) Argued January 7, 1886. Decided January 20, 1886.

Bill to enjoin statutory foreclosure of mortgage. Defendants appeal. Decree affirmed.

*D. E. Corbitt*, for complainant:

*Ward & Ward*, for defendants:

SHERWOOD, J. It appears from the record in this case that the defendant John R. Long, on the twelfth day of April 1880, owned and was in possession of 200 acres of land in the county of Kent, and on that day sold and conveyed to his son, the complainant, eighty acres of the land for the sum of $1,200; that the purchase price was paid by complainant, in $200 in work before then performed for the father, and $1,000 in a mortgage given by the complainant to his father upon the land purchased, payable in three years from the date of the purchase, with interest. On the same day the purchase took place the complainant left the county of Kent, and shortly after the State, and was absent three years. During this time the defendant John R. Long remained in possession of the eighty acres of land, and used it, taking the rents and profits and paying taxes thereon, the same as before he made the sale thereof to his son. On the return of the complainant, in the spring of 1883, he was not prepared to pay the mortgage, and the father was desirous

of raising the money upon it. It was then all due, and the
complainant claims it was then agreed between him and his
father that the use of the land by the latter should be set off
against the accrued interest on the mortgage, and that the
mortgage should stand for the $1,000. This arrangement
John R. Long denies, and avers in his answer that he put
valuable improvements upon the land, and paid taxes there-
on, amounting to more than the value of the use of the land.
On the eighth day of May, 1883, John R. Long loaned of
the defendant Margaretta Rogers $1,000, giving his notes
therefor and securing the payment thereof by an assignment
of the mortgage, guaranteeing therein that there was then
due upon the mortgage, of principal and interest, the sum
of $1,000. On the fourth day of February, 1884, John R.
Long made another assignment to the defendant Mrs. Rogers,
the same purporting to be for the accrued interest upon the
mortgage up to the time the first assignment was made.
This assignment purports to be absolute. The mortgage
and these several assignments were duly recorded; and on
the thirteenth day of February, 1884, the defendant Mrs.
Rogers commenced a foreclosure of the mortgage by adver-
tisement, to obtain payment of the interest claimed to have
been transferred to her under the last-named assignment, and
which complainant claims was paid to John R. Long in the
use of the farm as before stated, and so agreed upon between
the father and son.

The bill in this case was filed to enjoin the foreclosure pro-
ceedings. The case was heard on pleadings and proofs, and
a decree was entered therein by Judge Montgomery, where-
in he finds that the interest due upon the mortgage was fully
satisfied prior to the tenth day of April, 1883, and enjoined
the further prosecution of the foreclosure proceedings.
From this decree the defendants appeal.

We think the decree was right, and it must be affirmed.
The equities between these parties rest entirely upon the
decision of questions of fact, which the circuit judge pos-
sessed superior advantages for determining. He has made
his finding thereon in the decree, and which, after a careful

examination of the record, we fully approve. That finding is against the defendants, and the decree will therefore be affirmed, with costs.

CAMPBELL, C. J., and MORSE, J., concurred.

CHAMPLIN, J., did not sit.